# Richmond

ROBERT Y. BUTTON, ATTORNEY GENERAL OF VIRGINIA v. SIDNEY C. DAY, JR., COMPTROLLER OF VIRGINIA.

January 18, 1965.

Record No. 5968.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Kenneth C. Patty*, Assistant Attorney General (*Robert Y. Button*, *Attorney General*, on brief), for the petitioner.

*M. Wallace Moncure, Jr.* (*Moncure & Cabell*, on brief), for the respondent.

EGGLESTON, C. J., delivered the opinion of the court.

This proceeding was filed by the Attorney General against the Comptroller, under Code (Repl. Vol. 1957), § 8-714, to test the validity of certain amendments to Code (Repl. Vol. 1964), § 23-19, as previously amended, and certain provisions of the Virginia College Building Authority Act of 1964 (Acts of 1964, ch. 607, p. 880

*ff.;* Code, 1964, Supp., § 23-30.1 *ff.*). The Comptroller having indicated his unwillingness to issue any warrants complying with such provisions until their validity had been adjudicated, the Attorney General filed a petition in this court praying for a writ of mandamus requiring the Comptroller to issue such warrants.

In his answer the Comptroller questions whether the provisions authorize the contracting of a "debt or liability, * * * by or in behalf of the State," within the prohibition of § 184-a of the Constitution of Virginia. This section provides that, "No debt or liability, * * * shall be hereafter contracted by or in behalf of the State, unless such debt shall be authorized by law for some single purpose * * * . No such law shall take effect until it shall have been submitted to the people at a general election, * * * ."

Code (Repl. Vol. 1964), § 23-14, as amended by Acts of 1964, ch. 358, p. 569, ch. 440, p. 712, ch. 635, p. 948, provides that certain named educational institutions "are declared to be public bodies and constituted as governmental instrumentalities for the dissemination of education."

Section 23-18 authorizes each of these institutions, with the consent of the Governor, to borrow money for the acquisition or erection of a project and to make and issue bonds as evidence of its indebtedness therefor.

Section 23-19 authorizes the board of such an institution to provide by resolution for the issuance of such bonds and to pledge certain of its revenues to secure their payment. As amended by the Acts of 1962, ch. 373, p. 518, this section authorizes the board to pledge as security for such obligations the revenues and receipts derived directly or indirectly from the project for which the bonds are issued and any increases in the revenues of other existing facilities of the type described in § 23-15(e).

Section 23-19(d), as amended by the Acts of 1964, ch. 635, p. 950, provides:

"Any resolution or resolutions authorizing such bonds may contain a provision or provisions which shall be part of the contract with the holders of such bonds as to

\*       \*       \*       \*       \*       \*       \*

"(2) fixing, revising, charging and collecting fees, rents and charges for or in connection with the use, occupation or services of *any existing facilities at such institution and pledging the same to the*

*payment of the principal of and the interest on such bonds: * * *."* (Emphasis added.)

Section 23-19(e), as amended by the Acts of 1964, ch. 635, p. 951, provides that, "The power and obligation of an institution to pay any bonds issued under this chapter shall be limited;" that "Such bonds shall be payable only from any one or more" of the specified "revenue sources," and "shall in no event constitute an indebtedness of the institution."

Section 23-24 provides that, "The bonds and other obligations of an institution shall not be in any way a debt of the State and shall not create or constitute any indebtedness or obligation of the State, either legal, moral or otherwise, nor shall they be payable out of any funds other than those of the institution and nothing in this chapter contained shall be construed to authorize any institution to incur any indebtedness on behalf of or in any way to obligate the State."

By Act of 1964, ch. 607, p. 880 (Code, 1964 Cum. Supp., § 23-30.1 *ff.*), the "Virginia College Building Authority" was created as a public body corporate and as a political subdivision and agency and instrumentality of the Commonwealth. Section 6 of the Act (Code, 1964 Cum. Supp., § 23-30.6) authorizes and empowers the Authority:

"(e) To finance the establishment, construction, repair, reconstruction, acquisition, extension, enlargement or improvement of projects at any educational institution within the Commonwealth, all as may be determined by the Authority and any such educational institution and provided for in a contract or lease;

"(f) To issue revenue bonds of the Authority, *payable solely from the lease rentals, contract payments and other funds pledged for their payment,* for the purpose of providing funds for paying all or any part of the cost of any one or more projects at any one or more educational institutions, and to refund any of its bonds; (Emphasis added.)

"(g) To pledge to the payment of the principal of and the interest on its revenue bonds any moneys to be received by it pursuant to law;

"(h) To lease as lessor any project or projects to any educational institution as lessee pursuant to the terms and provisions of a lease; * * * ."

Section 7, paragraph (c) of the Act (Code, 1964 Cum. Supp., § 23-30.7(c)) authorizes each such educational institution "To fix,

revise, charge and collect fees, rents and charges for or in connection with the use, occupation or services of *any existing facilities* at such educational institution and to *pledge the same to the payment of the rentals payable under a lease or the contract payments payable under a contract.*" (Emphasis added.)

Section 8 of the Act (Code, § 23-30.8) authorizes the Authority and any educational institution to enter into a lease or a contract with respect to any project or projects financed under the provisions of the Act.

Section 5 of the Act (Code, § 23-30.5) provides that the "Bonds of the Authority issued under the provisions of this Act shall not be deemed to constitute a debt of the Commonwealth or of any agency or instrumentality thereof or a pledge of the faith and credit of the Commonwealth or of any agency or instrumentality thereof and all bonds of the Authority shall contain on the face thereof a statement to the effect that neither the faith and credit nor the taxing power of the Commonwealth or of any political subdivision thereof is, or shall be, pledged to the payment of the principal of or the interest on such bonds."

Specifically, the question presented to us in this proceeding is whether these provisions of Code, § 23-19(d)(2), *supra,* and § 7, paragraph (c) of the Virginia College Building Authority Act (Code, § 23-30.7(c)), *supra,* which authorize the governing bodies of any educational institution to pledge, in addition to the revenues from the particular project being financed or constructed, all or any part of the revenues being received from any existing facilities at such educational institution for either (1) the payment of bonds issued by such institution or (2) the payment of rentals to the Authority under any lease or contract between the educational institution and the Authority, empower such institutions to contract a debt or liability by or in behalf of the State within the prohibition of § 184-a of the Constitution.

We agree with the Attorney General that our decision in *Button v. Day,* 204 Va. 270, 130 S. E. 2d 459, compels a negative answer to the question. In that case we held that Code, § 23-19, as amended by the Acts of 1962, ch. 373, p. 517, authorizing the pledging of revenues derived from the *increases* in fees, rents and charges from other existing facilities to secure the payment of bonds issued by an educational institution pursuant to § 23-19, *supra,* did not violate § 184-a of the Constitution, because under the express terms of § 23-19(e) the bonds were "payable only from the revenues and receipts pledged therefor."

In reaching that conclusion we applied the well-recognized Special Fund Doctrine that if an obligation is to be discharged solely from a special fund derived from the revenues of the project, and the faith and credit of the State are not involved, it is not a debt within the constitutional provision. 204 Va. at 272, 273, 130 S. E. 2d at 461. We had previously applied the same principle in *Almond* v. *Gilmer*, 188 Va. 822, 844, 51 S. E. 2d 272, 281, and *Farquhar* v. *Board of Sup'rs of Fairfax County*, 196 Va. 54, 60, 61, 82 S. E. 2d 577, 582.

In the *Button* case, *supra*, we said that the pledging of the increases in the revenues of an existing project and the pledging of all of the existing revenues of such project are within the Special Fund Doctrine. 204 Va. at 274, 130 S. E. 2d at 462.

In the present case the pledging of the revenues imposes no liability on the State. Under the express terms of the statutes the obligations are payable only from the specified revenue sources and the holders may not look to the State's general revenue for payment. Code, §§ 23-19(e), 23-24, *supra;* §§ 5 and 6(e) of the Virginia College Building Authority Act (Code, §§ 23-30.5, 23-30.6).

For these reasons we hold that the provisions of Code, § 23-19(d)(2), as amended, *supra*, and § 7(c) of the Virginia College Building Authority Act (Code, § 23-30.7(c)), *supra*, do not violate § 184-a of the Constitution. Accordingly, the writ of mandamus prayed for will be awarded.

*Writ awarded.*